**Opinion issued February 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00457-CV

———————————

## MANSOUR SHOJAIE, Appellant

## V.

## RETAIL CAPITAL INC, DBA CREDIBLY, Appellee

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-10450**

---

## MEMORANDUM OPINION

Appellant Mansour Shojaie appeals from a judgment signed on April 17, 2023. We dismiss for lack of jurisdiction.

Rule 26.1(a) requires a notice of appeal to be filed within 30 days after the judgment is signed, or within 90 days of the date the judgment is signed if any party

timely files a motion for new trial, motion to modify the judgment, a motion to reinstate under Texas Rule of Civil Procedure 165a, or files a timely request for findings of fact and conclusions of law, if findings and conclusions are required or could properly be considered by the appellate court. TEX. R. APP. P. 26.1(a). A motion for new trial is timely if filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The clerk's record indicates that a final judgment was signed on April 17, 2023. Appellant filed a motion for new trial on May 19, 2023, claiming that he did not receive a copy of the judgment until May 17, 2023. Although appellant claimed lack of notice of the judgment, appellant did not follow the procedure set out in Texas Rule of Civil Procedure 306a(4)–(5) and therefore, the deadline for filing the notice of appeal was not changed by order of the trial court. *See* TEX. R. CIV. P. 306a(4),(5).

The motion for new trial was due 30 days after the judgment was signed, or by May 17, 2023, but it was filed on May 19, 2023. Appellee filed a response to appellant's motion for new trial, opposing it and asserting that the motion was untimely and presented no basis for a new trial. The trial court denied the motion for new trial on August 17, 2023. Because the motion for new trial was untimely filed, it did not extend the deadline for filing the notice of appeal.

Appellant subsequently filed a number of motions, including a motion to retain and a motion for reconsideration of the denial of his motion for new trial. On September 19, 2023, the trial court denied the motion for reconsideration. On April 19, 2024, appellant filed a motion to vacate the final summary judgment signed on April 17, 2023. Appellee opposed the motion and the trial court signed an order on May 8, 2024, stating that the motion was denied as untimely or alternatively, was moot because the trial court had lost plenary power. Appellant filed a motion to reconsider the denial of the motion to vacate, which appellee opposed and the trial court signed another order on June 4, 2024, stating that the motion was denied as untimely and was moot because the trial court had lost plenary power. Appellant filed a notice of appeal on June 11, 2024, complaining of a number of trial court orders.

Generally, with some statutory exceptions, an appellant may only appeal from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellant states in his notice of appeal that he is appealing not only the final judgment signed April 17, 2023, but also the post-judgment orders signed by the trial court. But the post-judgment orders denied appellant's continued motions for the trial court to reconsider its judgment. Orders denying reconsideration or motion for new trial are not independently appealable. *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1 (Tex. App.—Houston [1st Dist.] Sept.

3

26, 2019, no pet.).  And the deadline for filing the notice of appeal runs from the date the judgment is signed, not from the subsequent denial of motion for new trial.  *See id.* at *2 (citing TEX. R. APP. P. 26.1(a)(1)).

Because appellant's motion for new trial was untimely filed, appellant's notice of appeal was due to be filed within 30 days after the judgment was signed, or by May 17, 2023.  Appellant did not file a notice of appeal until June 11, 2024, more than a year after the notice of appeal was due.  Absent a timely-filed notice of appeal, this Court lacks jurisdiction.  *See* TEX. R. APP. P. 25.1(b).

The Court advised appellant by notice issued on February 4, 2025 that the appeal was subject to dismissal for lack of jurisdiction.  Appellant did not file a response.

Accordingly, we dismiss this appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

4